William P. Fennell, Esq. (#164210)
Tracy L. Schimelfenig, Esq. (#243714)
LAW OFFICE OF WILLIAM P. FENNELL, APLC
1111 Sixth Avenue, Suite 404
San Diego, CA 92101
Telephone: (619) 325-1560
Facsimile: (619) 325-1558

Victor J. Cosentino, Esq. (#163672)
LARSON & GASTON, LLP
200 South Los Robles Avenue, Suite 530
Pasadena, CA 91101
Telephone: (626) 795-6001
Facsimile: (626) 795-0016

Attorneys for ROBB EVANS & ASSOCIATES LLC
Receiver for China Village Shopping Center

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>CHINA VILLAGE, LLC,<br><br>          Debtor. | Case No. 10-60373-ASW<br><br>Chapter 11<br><br>**RECEIVER'S LIMITED OPPOSITION TO DEBTOR'S DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date: February 18, 2011<br>Time: 2:00 p.m.<br>Judge: Hon. Arthur S. Weissbrodt |

State Court Receiver, Robb Evans & Associates LLC files this Limited Opposition to Debtor's Disclosure Statement in Support of Chapter 11 Plan of Reorganization as follows:

**I. BACKGROUND.**

On June 24, 2009 the California Superior Court entered an Ex Parte Order Appointing Receiver and Order to Show Cause and Temporary Restraining Order-Rents, issues, and Profits ("Appointment Order") in the matter *Cathay Bank v. China Village, LLC, etc., et al.,* case no. HG09455257, in the California Superior Court for the County of

Alameda (the "State Court Matter"). The Appointment Order appointed Robb Evans & Associates LLC ("Receiver") as the receiver in the State Court Matter. By order dated July 8, 2009, the Superior Court issued an Order Confirming Appointment of Receiver and Preliminary Injunction-Rents, issues, and Profits (the "Confirmation Order"), which confirmed Receiver's appointment effective as of June 24, 2009.

On October 4, 2010, China Village, LLC ("Debtor") filed a Chapter 11 bankruptcy in this court. On November 2, 2010, Cathay Bank filed a Motion to Excuse Compliance with 11 U.S.C. §543, seeking authority to permit the Receiver to remain in place. The motion was denied without prejudice at a hearing on December 7, 2010, and the Receiver was ordered to comply with the requirements of 11 U.S.C. §543 and immediately turnover estate property to the Debtor. The Receiver has made attempts to comply with his duties, but has not received full cooperation from the Debtor. The inability to obtain the Debtor's cooperation is the subject of a separate motion to compel. Receiver is filing contemporaneously herewith, an ex parte application for order shortening time on a motion to compel receipt of turnover by the Debtor.

## II. LIMITED OPPOSITION.

A receiver appointed in a state court foreclosure action is a "custodian" within the meaning of that term, as expressed in 11 U.S.C. § 101(11)(C) *In re Snergy Properties, Inc.,* 130 B.R. 700, 703 (Bankr. S.D.N.Y. 1991)(citations omitted). Accordingly, a custodian may receive payment of reasonable compensation for services rendered and costs and expenses incurred pursuant to 11 U.S.C. § 543(c)(2). *In re Snergy Properties, Inc.,* 130 B.R. at 703. Moreover, 11 U.S.C. § 503(b)(3)(E) requires such reimbursement be treated as a first priority administrative expense.

Section 503(b)(3) of the Bankruptcy Code provides for "the actual, necessary expenses . . . incurred by (E) a custodian superseded under section 543 of this title." 11 U.S.C. § 503(b)(3)(E). The Code defines a "custodian" to include a receiver appointed in a case or proceeding not under the Code. 11 U.S.C. § 101(11). These provisions constitute an exception to the general rule with respect to the allowance of compensation for

exclusively post-petition activities as an administrative expense. *In re Snergy Properties, Inc.,* 130 B.R. 700, 704 (Bankr. S.D.N.Y. 1991). Further, the costs and expenses of a pre-petition custodian or receiver, superseded under 11 U.S.C. § 543, include the expense of counsel fees incurred by the custodian or receiver, for which prior court approval is not expressed as a prerequisite for allowances. *Id.; In re Kenval Marketing Corp.,* 84 Bankr. 32, 33-34 (Bankr. E.D. Pa. 1981).

Here, the Receiver and his professionals are entitled to payment of pre-petition and post petition services under Section 503. The Debtor's Disclosure Statement and Plan does not provide for payment of the Receiver and his professionals' fees and costs as an administrative expense of this estate. While the Debtor states that the Court indicated that the Receiver should present a final accounting and fee application to the Bankruptcy Court, these amounts are nowhere in the Debtor's Disclosure Statement. The Receiver and his professionals' expenses continue to accrue, because the Debtor has not taken receipt of turnover of its property from the Receiver. The Receiver cannot file a request for payment of fees to the Court, while it is still incurring expenses. The Disclosure Statement and Plan should provide for the Receiver and his professionals' fees and costs.

The Debtor's Disclosure Statement is also lacking in its disclosure because it gives the impression that there has been a smooth transition in the turnover from the Receiver. But, that is not the case. The Debtor has not yet taken over management of the Debtor's single real estate asset, despite repeated efforts by the Receiver to get the Debtor to do so. The Debtor has not filed a motion for approval of the management company to oversee the day to day operations, and the Receiver's management firm continues to operate the Debtor's property. The Receiver has fiduciary duties to the creditors of the receivership, who are now creditors of the bankruptcy estate. Therefore, the Receiver wants to ensure that there is an orderly turnover of the real property and cash on hand to the Debtor, so that the property, is in turn, preserved for the benefit of the creditors. The current manager of the property has been managing the real property pursuant to a contract with the Receiver. The Debtor informed the Receiver that the Debtor would like the existing property manager to

continue to manage the property. The property manager cannot take instructions from the Debtor without a new contract with the Debtor. Thus, it is imperative that the Debtor seek Court approval of a management contract with the property manager. If the Receiver turned over the property to the Debtor without the property manager in place and employed by the Debtor, there would be no one to maintain the property and perform the various tasks that the property manager now performs. This would place the only asset of the bankruptcy estate at risk. Receiver has been asking and waiting for the Debtor to take possession and employ the current (or any other) property manager for sometime now to ensure that turnover is performed in a manner consistent with the Receiver's fiduciary duties.

In the past two months, the Receiver has made requests to the Debtor to supply information regarding what insurance the Debtor wanted, as the previous policy was lapsing. The Receiver and its manager were required to make repeated inquires and requests of Debtor and its counsel for instructions and authorization in order to be certain that the insurance coverage remain in place. Further, the Receiver is still in possession of approximately $500,000 and the Debtor has not provided the Receiver with any evidence of authority to use cash collateral. Debtor's Disclosure Statement does not disclose the fact that the Receiver is still performing tasks on behalf of the Debtor. The only reason the Receiver is continuing these duties is because the Debtor has not take full possession of property of the estate from the Receiver.

### III. CONCLUSION.

The Receiver requests that the Disclosure Statement be denied and that the Debtor provide for payment to the Receiver and his professionals as an administrative expense in its Disclosure Statement and Plan.

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: February 11, 2011	By: /s/William P. Fennell
William P. Fennell, Esq.
Attorneys for ROBB EVANS & ASSOCIATES LLC
Receiver for China Village Shopping Center